IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JOHN ANDERSON**                                                                                    **PLAINTIFF**

**VERSUS**                                                         **CIVIL ACTION NO.  1:04cv542-DMR-JMR**

**GEORGE PAYNE, GASTON RILEY,
PHIL TAYLOR, T.P. WILLIS, PHILLIP
COMPTON, and MICHAEL NEILL**                                                            **DEFENDANT(S)**

## MEMORANDUM OPINION

This matter comes before the Court on the Plaintiff's Motion [57-1] for Default Judgment and Motion [111-1] to Re-urge Default Judgment. Having considered the Plaintiff's Motion's [57-1; 111-1], along with the entire record and the applicable law, this Court finds that they are not well-taken and should be denied.

### I.  Procedural History

The Plaintiff, John Anderson ("Anderson"), filed his original Complaint [1-1] on May 26, 2004 and his Amended Complaint [14-1] on June 28, 2004.  On July 27, 2004, summonses were issued for known defendants George Payne, Gaston Riley, and Phil Taylor.  Thereafter, Anderson filed a number of Motions [24-1; 25-1; 26-1; 27-1], styled "Joinder of Parties."  Each motion sought to join to this action and have summonses issue to defendants Damon Reese, T.P. Willis, Phillip Compton, and Michael Neill, each of whom were previously identified in the Complaint [1-1] as "unknown."  On October 21, 2004, this Court entered an Order [39-1] granting Anderson's Motions [24-1; 25-1; 26-1; 27-1] and directing the United States District Clerk to issue summonses for Damon Reese, T.P. Willis, Phillip Compton, and Michael Neill.  Summonses were issued that same day.  The Marshal successfully served all of the defendants on November 17, 2004 [41-1; 42-1; 43-1; 44-1; 45-1; 46-1; 47-1].

Defendants George Payne, Gaston Riley, and Phil Taylor timely filed an Answer [49-1] on December 7, 2004.  None of the remaining defendants answered, requested an extension of time in which to answer, or otherwise made any effort to defend the lawsuit within the time prescribed by Federal Rule of Civil Procedure 12.  Defendants Damon Reese, T.P. Willis, and Michael Neill filed an Answer [55-1] on February 2, 2005, some fifty-seven (57) days past the deadline for filing a response to Anderson's Complaint [1-1] and Amended Complaint [16-1].  Anderson filed his first Motion [57-1] for Default Judgment against Defendants Damon Reese, T.P. Willis, Phillip Compton, and Michael Neill on that same day, February 2, 2002.   Defendants Damon Reese, T.P. Willis, and Michael Neill filed a Response [58-1] in Opposition on February 16, 2005, which prompted Anderson to file a Reply [60-1] on February 28, 2005.

On March 2, 2005, Defendant Compton filed a Motion [64-1] for Extension of Time to File an Answer and to Respond to the Plaintiff's Motion for Default Judgment.  On March 3, 2005, Defendant Phillip Compton filed a Motion to Dismiss and Motion to Amend Scheduling Order [66-1], some eighty-six (86) days past the deadline for filing a response to Anderson's Complaint [1-1] and Amended Complaint [16-1].  On March 4, 2005, this Court granted Defendant Phillip Compton's Motion [64-1] for Extension of Time, giving him until no later than April 4, 2005 to file an answer and to respond to Anderson's Motion [57-1] for Default Judgment.  On March 31, 2005, Defendant Compton filed an Answer [82-1] and a Response [84-1] in Opposition to Anderson's Motion [57-1] for Default Judgment.  Anderson filed a Reply [96-1] to Defendant Phillip Compton's Response [84-1] in Opposition on April 13, 2005. On May 12, 2005, Anderson filed a Motion [111-1] to Re-urge Motion for Default Judgment.  Defendant Phillip Compton filed a Response [116-1] on May 24, 2005 and Defendants Damon Reese, T.P. Willis, and Michael Neill filed a Response

2

[118-1] on May 25, 2005. Neither the Clerk of Court nor this Court has entered a default against any party to this litigation.

## II.  ANALYSIS

Federal Rule of Civil Procedure 12(a) provides that "a defendant shall serve their answer within twenty days after being served with the summons and complaint."  Rule 55 provides the mechanism for enforcing time limit found in Rule 12(a) by allowing a plaintiff to move for entry default.  Where default has not yet been entered by the clerk, the court must exercise its sound discretion to enter the default *vel non*.  *See Davis v. Parkhill-Goodloe Co., Inc.*, 302 F.2d 489, 495-96 (5th Cir. 1962)(discussing the propriety of a court's refusal to enter a default, rather than adhering to legalistic technicalities);  *see also Brown v. Weschler*, 135 F. Supp 622, 624 (D.C.D.C. 1955)("The court will not go through formal entry of default in a case when it is apparent that in the exercise of its discretion the default will be set aside on motion.").  Even where the default has not yet been entered by the clerk or the court, the enquiry still follows Rule 55(c) reasoning, meaning that the court asks whether "good cause" would exist to set aside entry of default had there been a default entered.  *See e.g., Cross v. Fong Eu*, 430 F. Supp 1036, 1042 n.8 (N.D. Cal. 1977)(reasoning that "[i]f default had been entered as requested by plaintiff, this Court would have authority to set it aside 'for good cause shown.' Rule 55(c), Fed. R. Civ. Proc.").  The fact that the court pursues a Rule 55(c) analysis may be important in close cases, because "[a]lthough a motion to set aside a default decree under Fed. R. Civ. P. 55(c) is somewhat analogous to a motion to set aside a judgment under Fed. R. Civ. P. 60(b), the standard for setting aside a default decree is less rigorous than setting aside a judgment for excusable neglect." *United States v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir. 1985)(citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981); *see also*

3

*Dierschke v. O'Chesckey* (*In re Dierschke*), 975 F.2d 181, 184 (5th Cir. 1992)(noting that a motion to set aside entry of default is "more readily granted" than a motion to set aside a judgment).

As a general proposition, entry of default is "generally disfavored in the law [and] should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger–Silas Mason Co., Inc. v. Metal Trades Council of Amarillo, Tex. and Vicinity, AFL-CIO*, 726 F.2d 166, 168 (5th Cir. 1984)(per curiam); *see also Lacy v. Sitel Corp.*, 227 F.3d. 290, 292 (5th Cir. 2000)(citing *Mason & Hanger–Silas Mason Co., Inc.*, 726 F.2d at 168 (per curiam)). When deciding whether to enter a default, "any doubt should . . . be resolved in favor of the movant to the end of securing a trial upon the merits." *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960)(quoting 6 Moore's Fed. Prac. § 55.10 at 1829); *see also Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001)(per curiam)("'Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'"(quoting *Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). The court also notes that "[t]he Fifth Circuit has held that a 'party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default.'" *Lewis*, 236 F.3d at 767 (per curiam)(quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)); *see also Flaska v. Little River Marin Constr. Co.*, 389 F.2d 885 (5th Cir. 1968); *EEOC v. Southwestern Group Fin. Group, Inc.*, Civ. Action No. H-78-1881, 1980 WL 93 *3 (S.D. Tex. 1980).

In the present case, neither has a default been entered nor has there been a judgment of default entered. Therefore, this Court will look to see whether "good cause" would exist if a default were in place. *See e.g., Cross*, 430 F. Supp at 1042 n.8. If "good cause" does exists, then this Court will refuse to enter a default. *See Davis*, 302 F.2d at 495-96. To determine "good cause" under Rule

55(c), this Court examines the following factors: (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; and (3) whether a meritorious defense is presented. *One Parcel of Real Property*, 763 F.2d at 183 (citing *Meehan*, 652 F.2d at 277); *see also Dierschke*, 975 F.2d at 184; *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992)(citing *One Parcel of Real Property*, 763 F.2d at 183). These factors are not exclusive, and the Court may consider other equities to inform its decision. *Dierschke*, 975 F.2d at 184.

This court now considers the first factor, wilfulness. The most recent Fifth Circuit case discussing wilfullness described the inquiry in terms of whether the defendant was choosing to play games–not in terms of whether there was mere action or inaction on the part of the defaulting party. *Lacy*, 227 F.3d 290, 292 (5th Cir. 2000)(citing *Dierschke*, 975 F.2d at 183). In the present case, there exist no facts to indicate that any of the defendants were playing games. Neither of Anderson's Motions [57-1; 111-1] suggest any such facts, and the defendants' various responses to set aside default suggests a good faith mistake, which they promptly corrected by appearing in the case. The first factor, wilfulness, when applied to the facts of Slaydon's action, counsels against entering a default.

The second factor, prejudice, also counsels against entering a default. The Fifth Circuit instructs that "mere delay does not constitute default. Rather, 'the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.'" *Lacy*, 227 F.3d 290, 292 (5th Cir. 2000)(quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir.1990)). While Anderson claims that the defendants' delay has created substantial difficulties in the discovery process, it is clear from the record that discovery has been ongoing since the filing of his Motion [57-1] for Default Judgment and that all of the defendants have filed

5

responses to Anderson's numerous written discovery requests. This Court fails to perceive any facts which would show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.

This court now considers the third factor, i.e., whether a meritorious defense is presented. Anderson's allegations run the gamut of § 1983 claims, from denial of adequate medical attention to denial of an exercise period. For example, Anderson claims that he suffers from epileptic seizures and that he was denied appropriate medical care for his condition. In order to prevail on a denial of medical care § 1983 claim, the plaintiff must plead and demonstrate "that the official acted or failed to act with deliberate indifference to the detainee's needs." *Hare v. City of Corinth*, 74 F.3d 633, 647-48 (5th Cir. 1996). Each of the defendants has filed a Motion [113-1; 126-1] for Summary Judgment addressing, in part, Anderson's claim of denial of adequate medical care. A cursory review of these Motions [113-1; 126-1] reveals that the defendants have produced a cache of documentary evidence that appears to illustrate that Anderson was treated on numerous occasions and that he was prescribed the drug Dilantin for his epileptic seizures. Therefore, with respect to at least one of Anderson's many claims, the Defendants appear to have a colorable and meritorious defense. Without placing much weight on this third factor, and without examining every one of Anderson's theories of recovery, this court finds that the Defendants have meritorious defenses to a substantial portion of Slaydon's action.

Having considered all three factors, this Court is of the opinion that no default should be entered against any defendant in the above-captioned action and that Anderson's Motions [57-1; 111-1] for Default [29-1, 35-1] Judgment should be denied.

Also pending before this Court is Defendant Phillip Compton's Motion [66-1] to Dismiss and Consolidated Motion to Amend Scheduling Order, which was filed on March 3, 2005. Defendant Compton quite generally requests that the above-captioned matter be dismissed for Anderson's failure "to comply with the Mississippi Tort Reform Statutes that were passed in 2002 and went into effect on January 1, 2003 as well as any reforms passed subsequently." This Court notes that Defendant Compton provides no further support for his argument. Defendant Compton's argument does not make it sufficiently clear to this Court how Anderson has failed to comply with the Mississippi Tort Reform Statutes; therefore, this Court is of the opinion that Defendant Phillip Compton's Motion [66-1] to Dismiss is not well-taken and should be denied.

Finally, the Plaintiff filed a Motion [92-1] in Limine on April 13, 2005, seeking an order from this Court "preventing the Defendants from commenting on Plaintiff's criminal conviction(s) or disciplinary violations, if any, that fall outside the scope of Federal Rule of Evidence 609." The grant or denial of a motion in limine is left to the discretion of the district court and will be reviewed for abuse of discretion. *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 643-444 (5th Cir. 2005). Having considered Anderson's Motion [92-1] in Limine, this Court is of the opinion that it is not well-taken, at this time, and should be denied. This Court will revisit the issue of admissibility of evidence as it arises.

### III. CONCLUSION

Based on the foregoing, this Court is of the opinion that the Plaintiff's Motion [57-1] for Default Judgment and Motion [111-1] to Re-urge Motion for Default Judgment are not well-taken and should be denied. Furthermore, this Court is of the opinion that Defendant Phillip Compton's

7

Motion [66-1] to Dismiss is not well-taken and should be denied.  Finally, this Court is of the opinion that the Plaintiff's Motion [92-1] in Limine is not well-taken and should be denied.

**SO ORDERED** the  9th  day of August, 2005.

      **/S/   DAN M. RUSSELL, JR.**
**UNITED STATES DISTRICT JUDGE**